AUSTIN H. DENNY *vs*. FRANK S. PRATT.

First Judicial District, Hartford, March Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Good practice requires that the decision of a judge of the Superior Court upon a petition for a certificate of election, brought under § 282 of the General Statutes, should be embodied in a judgment-file duly drawn up and recorded.

The judgment and the certificate of election may be incorporated in a single instrument, although it is the usual and better practice to lodge the judgment-file in court upon the rendition of the judgment, and thereafter to issue the certificate, based upon the judgment thus recorded, under the seal of the court.

The position of first selectman is so far in the nature of an office that one entitled thereto may enforce his right by judicial proceeding.

Section 271 of the General Statutes provides that "of the persons elected selectmen by any town, the person first named on a plurality of the ballots cast for them or any of them shall be first selectman." *Held* that "the person first named on a plurality of the ballots," construed in connection with the ballot law (§ 598), means the person whose name stands first on the straight tickets cast and whose name is designated on the split tickets for first place in one of the ways provided by law, when the total of those tickets, both straight and split, constitute a plurality of the ballots cast for first selectman.

The ballots cast for selectmen which should be counted for a candidate for first selectman are as follows: (1) straight tickets; (2) split tickets cast for the person first named in one party column where there is not, at the left of the name of the candidate for first selectman on an opposing ticket, a cross or the figure "1," or at the left of the name of any of the other candidates for selectmen on any of the tickets the figure "1"; (3) split tickets on which in one party column at the left of the person first named for selectman is placed a cross or the figure "1"; and no cross or figure "1" is placed at the left of the name of the candidate for first selectman on an opposing ticket, nor a figure "1" at the left of the name of any other candidate for selectman; (4) split tickets on which in one party column at the left of the person first named for selectman, or the left of any other person named for selectman, is placed the figure "1," and no similar designation is placed at the left of the name of any candidate for selectman on an opposing ticket.

Denny v. Pratt.

Under §§ 591, 605 and 606 of the General Statutes, the moderator of a town election should declare, and the certificates of the official count endorsed by him should state, the total number of votes cast for each candidate for selectman and the total number of votes cast for each selectman for first selectman.

Where, as in the present case, the moderator's declaration of the official count discloses only the total vote cast at the election, the number of straight party tickets, and the ballots cast for each candidate for selectman, and contains no statement of the vote for first selectman as such, a judge of the Superior Court has not sufficient facts before him upon which to base a conclusion that the candidate declared by the moderator to have been elected first selectman was not so elected and that another candidate is entitled to a certificate of election. In such a case, the issue can be determined only by opening the ballot-box and counting the votes cast for first selectman, and this should be done either by agreement of the parties or by order of the judge, made upon the petitioner's, or his own, motion.

Argued March 2d—decided April 16th, 1926.

PETITION for a certificate of election declaring that the plaintiff was elected first selectman at the election held in the town of Old Saybrook on the first Monday in October, 1925, brought to and heard by the *Hon. Edwin C. Dickenson,* a judge of the Superior Court, who issued the certificate as prayed, from which action the defendant appealed. *Error and new trial ordered.*

*Leonard O. Ryan,* for the appellant (defendant).

*Thomas C. Flood,* for the appellee (plaintiff).

WHEELER, C. J.   At the annual town election in the town of Old Saybrook on October 5th, 1925, among the officers to be elected were three selectmen. The candidates for selectmen on the official ballot were:

Republican, Austin H. Denny, Charles King.

Democrat, Frank S. Pratt, John J. Bowe, Jr.

The moderator declared Pratt, King and Bowe elected selectmen, and Pratt first selectman. Denny

duly brought his petition under General Statutes, § 282, to *Judge Dickenson,* a judge of the Superior Court, alleging that he was elected first selectman at such election, but was not so declared. Upon the hearing upon this petition the judge found that the petitioner, Denny, was first named upon a plurality of the ballots cast for said selectmen, and determined that he was elected first selectman, and issued to him a certificate of election as such first selectman, and the defendant Pratt appealed from this judgment.

The recitals in the memorandum of decision and in the certificate of election issued, which the judge caused to be filed with the clerk of the Superior Court for Middlesex County, evidence the fact of his decision and its nature, and in a petition of this character this was a declaration by the judge of his judgment, and as such was a final judgment from which an appeal to this court lay. The record is defective in failing to include a judgment-file. Good practice required that the judgment-file be drawn up and recorded. *Brown* v. *Cray,* 88 Conn. 141, 146, 89 Atl. 1123. The judgment and the certificate of election may be incorporated in a single instrument, as was done in *Buck* v. *Barnes,* 75 Conn. 460, 53 Atl. 1012; the usual and approved practice requires that the judgment be rendered, and the judgment-file drawn and filed in court, and thereafter the certificate of election based upon the judgment thus filed be issued under the seal of the court.

General Statutes, § 271, in its present form, has existed since 1874. It reads thus: "Of the persons elected selectmen by any town, the person first named on a plurality of the ballots cast for them or any of them shall be first selectman." In *Mallett* v. *Plumb,* 60 Conn. 352, 363, 22 Atl. 772, we held that "first named on a plurality of the ballots cast," meant the

person whose name stands first on any ballot actually cast, whether originally standing first thereon or not. Construed in connection with the ballot-law, General Statutes, § 598, "first named on a plurality of the ballots cast," means the person whose name stands first on the straight tickets cast, plus those on the split tickets on which at the left of his name is placed a cross or the figure "1," and there is not at the left of the candidate on the opposing ticket for first selectman a cross or the figure "1," and the sum of these constitute a plurality of the ballots cast for first selectman; or the person whose name does not stand first on the split ticket but on which, at the left of his name, is placed the figure "1," and there is not placed at the left of the name of any candidate on an opposing ticket the figure "1", and these tickets constitute a plurality of the ballots cast for first selectman. In *Buck* v. *Barnes, supra,* at page 466, we held that of the selectmen chosen, that one whose name stands first on a plurality of ballots cast and counted for the selectmen chosen, or any of them, is by law designated the first selectman, and that the position of first selectman is so far in the nature of an office, that one entitled to it may enforce his right to the position by judicial proceeding. When, in 1909, the system of separate party tickets or ballots was changed to a single official ballot bearing the names of all of the candidates of all parties printed in parallel columns and to be used by all voters of all parties, we point out in *Beckley* v. *Alling,* 91 Conn. 362, 367, 99 Atl. 1034, it became difficult, in some instances, for the voter to express his choice for first selectman by reference merely "to the relative positions that his and other names occupied upon the ballots."

We illustrated this by citing the instance where the voter wished to vote for two persons for selectmen who

occupied the first place on their respective tickets. If he placed a cross at the left of each of these names there would be no indication as to which of these names was his choice for first selectman. "The existing difficulty," we say at page 367, "was solved [Public Acts of 1911, Chapter 263, § 2, and of 1915, Chapter 262, §.1, and of 1917, Chapter 240, now part of General Statutes, § 598] by permitting the voter to place the figure '1' in the voting space before the name of the candidate of his choice for the first place, and a cross-mark before the name of the other candidate or candidates for whom he wished to vote as a member or members of the board." We held in *Beckley* v. *Alling, supra,* that this statutory provision for voting a split ticket by placing the figure "1" instead of a cross-mark "X" in the voting space at the left of such candidate's name and providing that the candidate so designated shall be deemed to be first named on such ticket, was a permissive and not an exclusive substitutionary method of voting for first selectman for that provided by § 1812 of the General Statutes of 1902, now General Statutes, § 271, and that the designation of the choice of the person to act as first selectman by a cross at the left of the name of the person desired to be voted for, conformably to the method prevailing as to all other candidates, continued to exist. under this statute. The dual method of voting a split ticket for first selectman, by placing either a cross or the figure "1" at the left of the name of the person voted for, thus recognized in *Beckley* v. *Alling, supra,* was probably the occasion for these statutory amendments. The "ballot cast," mentioned in General Statutes, § 271, and the "ticket" voted by the elector, mentioned in General Statutes, § 598, include only those names for which the elector votes, and not all the names printed upon the paper that goes into the box.

Ballots cast for selectmen which should be counted for a candidate for first selectman are: (1) straight tickets; (2) split tickets cast for the person first named in one party column where there is not, at the left of the name of the candidate for first selectman on an opposing ticket, a cross or the figure "1," or at the left of the name of any of the other candidates for selectmen on any of the tickets the figure "1"; (3) split tickets on which in one party column at the left of the person first named for selectman is placed a cross or the figure "1," and no cross or figure "1" is placed at the left of the name of the candidate for first selectman on an opposing ticket, nor a figure "1" at the left of the name of any other candidate for selectman; (4) split tickets on which in one party column at the left of the person first named for select-man, or the left of any other person named for select-man, is placed the figure "1" and no similar designation is placed at the left of the name of any candidate for selectman on an opposing ticket. The moderator should declare in the result of the ballot the total num-ber of votes cast for each candidate for selectman, and the total number of votes cast for each selectman for first selectman. General Statutes, § 591. The certifi-cates of the result of the official count of the ballots should state the total number of votes cast for each candidate for selectman, and the total number of votes cast for each selectman for first selectman and the moderator should duly endorse these certificates. Gen-eral Statutes, §§ 605, 606.

The judge reached the conclusions that Denny was first named on a plurality of ballots cast for the three selectmen, and was elected first selectman.

The appellant assigns as error these conclusions of the judge. The question is whether the moderator's declaration of the result of the ballot justifies the con-

clusions of the judge. This declaration of the moderator showed that the result of the count of the ballots for selectmen was:

| Republican | | Democratic | |
|---|---|---|---|
| Austin H. Denny | 193 | Frank S. Pratt | 168 |
| Charles King | 137 | John J. Bowe | 223 |

This declaration contained no statement of the vote for first selectman, as such. It also showed whole number voted, 362. Straight Republican vote 95, straight Democratic vote 127, rejected 4.

Neither party requested that the ballot-box be opened, nor did the judge order it opened. If the 193 ballots counted for Denny were ballots cast for him as first selectman, the conclusion of the judge is obviously right. But we cannot determine from this return that all of the 193 ballots were cast for Denny for first selectman. We know that the 95 straight ballots were so cast, but as to the remaining 98 ballots counted for him, there is no way of determining upon this record whether any or all of the 98 ballots were cast for him as first selectman, or as selectman. Pratt had 127 straight ballots cast for him; the remainder of the 41 ballots counted for him may have been cast for him as first selectman, or as selectman. If the voters of these 41 ballots desired to vote for Pratt for first selectman and placed the figure "1" at the left of his name and the voters at the same time desired to vote for Denny for selectman and placed upon the left of Denny's name a cross "X," these ballots would be counted for Pratt for first selectman and for Denny for selectman. Thus far the vote would stand 168 for Pratt for first selectman, and 136 for Denny for selectman, of which 95 were cast for him for first selectman and 41 for Denny for selectman only. If Denny received a vote for first selectman on all of the remaining 57 ballots which were counted for

him for selectman, he would have received 16 votes less for first selectman than Pratt. And how many of the ballots cast for Pratt were for him for first selectman, we have no way of determining. Again, the voters may have desired to vote for both Denny and Pratt and done so by placing a cross opposite each of their names. In that case neither of these votes could have been counted for either as votes for first selectman, but would have been counted as votes for each as selectman. How many of these ballots were among those counted for Denny and Pratt, we cannot tell. Again, there were 95 straight Republican ballots and King's total vote was 137; there may have been 42 of these ballots exclusive of the 95 straight Republican ballots for King for first selectman, by having placed at the left of his name the figure "1" on split tickets; the record does not enable us to know how many of the ballots cast for him were for him as first selectman and how many for him as selectman. If this be the situation, Denny has not established that he was elected first selectman. Again, the voters may have voted for Denny for selectman by placing a cross at the left of his name and the figure "1" at the left of Bowe's name. How many of the ballots were voted for Denny and are included among the 193 votes cannot be known except upon inspection of the ballots in the ballot-box. Other methods of voting may have occurred by which Denny may have received votes for selectman and not for him for first selectman.

Since we are unable to determine how many of the 193 ballots declared cast for Denny were in fact cast for him for first selectman, and how many for him for selectman, we are compelled to conclude that the plaintiff has not established his case, and that the judge's conclusion that Denny "was the person first named on a plurality of ballots cast for said three

selectmen or any of them" is not supported by the subordinate facts. If we were at liberty to conjecture as to what the ballots as cast would show as to the vote for first selectman, it may be that our conjecture would be that the result would be favorable to Denny, but a judgment by conjecture is not within our province.

The case is one of public interest; it can only be determined rightly by having the ballot-box opened and the ballots for first selectman counted. For these reasons we shall order a new trial that justice may be done. Upon the rehearing the ballot-box should be ordered opened either by agreement of the parties, or by order of the judge, upon the motion of plaintiff, or his own motion, and the result determined upon a count of the ballots therein for first selectman.

There is error and a new trial is ordered.

In this opinion the other judges concurred.