AUSTIN H. DENNY *vs.* FRANK S. PRATT.

First Judicial District, Hartford, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HINMAN and SIMPSON, Js.

The honest preferences of an elector are not to be defeated by a hypercritical construction of the ballot law, but they cannot prevail as against a statutory requirement expressed in unmistakable language.

A ballot cannot be counted for a person for first selectman unless it is first so marked that it may be counted for him for the office of selectman.

Section 271 of the General Statutes provides that of the candidates elected selectmen "the person first named on a plurality of the ballots cast shall be first selectman." *Held* that this means the person first named upon the ballot as actually cast, which includes only those names for which the elector votes and not all those printed upon the paper that goes into the box.

Where a ballot bears a cross-mark (X) in the circle at the top of one party column and a like mark at the left of the second-named candidate for selectman in the other party column, and it contains no other mark or designation, it shall be counted only as a vote for selectman for the person at the left of whose name the mark appears, and not as a vote for any other person either as selectman or as first selectman.

Argued October 6th—decided November 12th, 1926.

PETITION for a certificate of election declaring that the plaintiff was elected first selectman at the election held in the town of Old Saybrook on the first Monday in October, 1925, brought to and heard by *Hon. Edwin C. Dickenson,* a judge of the Superior Court; petition denied and judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*Thomas C. Flood,* for the appellant (plaintiff).

*Leonard O. Ryan,* for the appellee (defendant).

HINMAN, J. Pursuant to the direction of this court upon the first appeal, *Denny* v. *Pratt,* 104 Conn. 396, 133 Atl. 107, the trial judge, upon the rehearing, ordered the ballot-boxes containing the ballots cast at the election in question opened and the ballots counted. The candidates for selectmen on the official ballot were:

| Republican | Democratic |
|---|---|
| Austin H. Denny | Frank S Pratt |
| Charles King | John J. Bowe, Jr. |

Upon this count, undisputed ballots gave Pratt 156 votes for first selectman and Denny 115 votes for first selectman. In addition to these undisputed ballots the count disclosed seventy-five bearing a cross-mark "X" in the circle at the head of the Republican column and an "X" at the left of the name of John J. Bowe, Jr., second name in the Democratic column, and containing no other mark or designation, and eight ballots with an "X" in the circle at the head of the Democratic column, an "X" at the left of the name of Charles King, second name in the Republican column, and containing no other mark or designation. The trial judge ruled that these eighty-three ballots, which were the only ones in dispute, could not be counted for either

Denny or Pratt for first selectman, and that, in consequence, Pratt, having a total of 156 votes as against 115 for Denny, was elected first selectman, and rendered judgment accordingly.

The decision as to the disputed ballots was based upon the following provision contained in § 598 of the General Statutes: "In any case where an elector has made a cross-mark 'X' in the circle at the head of any party column, and also made a cross-mark 'X' in a voting space at the left of the name of any candidate in any other column on the ballot, such ballot shall be counted for the candidate opposite whose name such cross-mark 'X' shall have been placed, and for all the candidates in the party column at the head of which a cross-mark 'X' has been placed, except any candidate for an office for which the name of a candidate has been marked in another column; or whose name has been written in a blank space on the ballot, provided, when any elector is entitled to vote for more than one candidate for the same office, as in the case of selectmen, justices of the peace or representatives, any elector who places a cross-mark 'X' opposite the name of any candidate for such office shall place such mark opposite the name of each candidate for such office for whom he is entitled to vote, or his ballot shall be counted, as to the candidates for such office, only for each candidate opposite whose name the elector has placed the cross-mark 'X'."

The meaning of this provision is further indicated in a subsequent portion of the same section, prescribing the instructions to voters to be printed on the stub of the ballot: "On the stub of each ballot upon which candidates for selectmen are voted for there shall also be printed: 'If you wish to vote a split ticket for selectmen, designate your choice for first selectman by placing the figure "1" in the voting space at the left of

such candidate's name and place a cross-mark "X" in the voting space at the left of the other candidate for selectman for whom you vote.' "

The disputed ballots clearly fall within this statutory provision. Under it the electors casting them, having made a cross-mark "X" in the circle at the head of the Republican column and an "X" at the left of the name of Bowe in the Democratic column, in order to vote also for Denny or either of the other candidates for selectmen must also have placed an "X" opposite the name of such other candidate. Since they failed to do so these ballots can be counted, as to the candidates for selectmen, *only* for Bowe, the candidate opposite whose name the elector has placed the cross-mark "X," and therefore cannot be counted for Denny for selectman. Likewise the ballots upon which were placed a cross-mark in the circle at the head of the Democratic column and one opposite the name of King in the Republican column, count *only* for King for selectman, and therefore not for Pratt. The conclusion is inescapable that if the requirements of the statute are observed none of these eighty-three ballots may lawfully be counted as a vote for either Denny or Pratt as a candidate for selectman, nor, it follows, for either of them for the office of first selectman.

In order that a ballot may be counted for a person for first selectman, it must first be so marked as to be cast and counted for him for the office of selectman. Then, as among the candidates so voted for and elected selectmen, "the person first named on a plurality of the ballots cast . . . shall be first selectman." General Statutes, § 271. The method of determining which of the persons voted for and elected selectmen is so "first named" has been discussed and pointed out in the opinion in this case on the former appeal and in prior cases. *Denny* v. *Pratt, supra; Beckley* v. *Alling,* 91

Conn. 362, 99 Atl. 1034; *Mallett* v. *Plumb,* 60 Conn. 352, 22 Atl. 772. The words "first named on the ballot cast," as used in § 271 of the General Statutes, mean the first named upon the ballot as actually cast, which "includes only those names for which the voter casts his ballot, and not all names printed upon the paper that goes into the box." *Beckley* v. *Alling, supra,* p. 368; *Mallett* v. *Plumb, supra,* p. 363.

The recount in this case develops that none of the disputed ballots as "actually cast" can be regarded as cast for either Denny or Pratt or as including the name of either of them as voted for as a candidate for selectman, hence there is no occasion or opportunity for determining which of them is "first named" on any of these ballots. As between them, the answer to the question at issue here, as to which is' first named on a plurality of the ballots cast for candidates for selectmen, depends upon the two hundred and seventy-one undisputed ballots which, only, were cast for either of them. It is agreed that, of these, Pratt was first named on one hundred and fifty-six and Denny on one hundred and fifteen.

It is argued in behalf of the petitioner that to hold that these disputed ballots should be counted only for the candidate for selectman opposite whose name a cross-mark appears defeats the intent of the electors who cast those ballots and deprives each of them of a vote for a candidate for first selectman. We recognize and concur in the principle that electors should not be deprived of their votes, honestly cast for the candidate of their choice, as a result of doubtful judicial construction, a too strict regard for the letter of the statutes, or resort to nice or technical refinements of interpretation or application. But these considerations cannot prevail as against a statutory requirement expressed in unmistakable language. *Flanagan* v. *Hynes,*

75 Conn. 584, 588, 54 Atl. 737; *Coughlin* v. *McElroy,* 72 Conn. 99, 105, 43 Atl. 854; *State* v. *Bossa,* 69 Conn. 335, 341, 37 Atl. 977.

If we disregard as unlikely the suggestion that these ballots were cast with an intention, expressed in a manner consistent with the method prescribed by the statute, to vote only for Bowe, in the case of the seventy-five ballots, and for King, as to the eight, and assume that the electors intended to vote also for Denny in the former case and for Pratt in the latter, such intent was attempted to be effectuated in a manner inconsistent with and inadmissible under the directions prescribed by statute for the expression of such an intention, and to count these ballots for any candidate for selectman other than the "candidate opposite whose name the elector has placed the cross-mark 'X'" would violate the express statutory prohibition. As between a presumed wish or will of the voter and statutory requirements too clear to be open to construction, the latter must prevail.

There is no error.

In this opinion the other judges concurred.