CHARLES KOCH
*vs.*
ADELE M. THEIS

ALLEN I. SEĀMAN
*vs.*
HERBERT W. SHUTTLEWORTH

HERMAN DERENTHAL
*vs.*
REGINALD K. FESSENDEN

Superior Court     New Haven County     File Nos. 61817, 61818, 61819

MEMORANDUM FILED DECEMBER 4, 1941.

*Stephen F. Dunn,* of New Haven, for the Plaintiffs.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Defendants.

KING, J. At the town election held in Madison on the first Monday of October, 1941, there were nine candidates for the office of member of the board of finance, whose names were printed on the official ballot. These were divided into three classes, for the terms of two, four and six years, from 1941. The Democratic party nominated one candidate for

each one of these three terms, Fessenden for the six year term, Shuttleworth for the four year term, and Theis for the two year term. The Republican party nominated two candidates for each one of these three terms, Derenthal and Conover for the six year term, Burr and Seaman for the four year term, and Koch and Telford for the two year term. The moderator declared elected the three Democratic candidates, and the higher of the two Republicans running for each of the three terms of office. The petitioner, in each of these three separate proceedings, is the Republican who received the lesser number of votes of the two Republicans running for each of the three terms of office. Each of these three Republicans who were not declared elected received well over twice as many votes as the Democratic candidate for the same term who was declared elected.

Each petitioner has brought this application, under the provisions of section 294 of the General Statutes, Revision of 1930, for a certificate of election. The respondent Theis employed counsel; the other two Democratic respondents did not, and made default of appearance, but the undersigned, with the acquiescence of counsel for all parties, appointed counsel for the respondent Theis as counsel for the other two respondents. The facts are not in dispute, and counsel cooperated in disposing of the matter by their pleadings, stipulations and exhibits as on file. It was orally agreed that the stipulation and exhibits in the Koch petition should apply also in the two other petitions.

A forerunner of this case was *State ex rel. Charles Koch et als. vs. Chase Going Woodhouse, Secretary of State,* decided October 3, 1941, in the Superior Court for New Haven County.*

As more fully pointed out in the memorandum filed in that case, Madison attempted to establish a town board of finance (under the provisions of chapter 28 of the General Statutes, Revision of 1930, as amended) at a town meeting duly warned and held for the purpose on August 12, 1941.

No special act was involved, and no provision for minority or bi-partisan representation is contained in the statutes. Section 281 of the General Statutes, Revision of 1930, is inapplicable to the office of board of finance.

* See *infra* p. 252.

However, the minutes of the meeting in so far as pertinent, are as follows:

"Moved: That a Board of Finance be established for the Town of Madison in accordance with the provisions of Chapter 28 of the General Statutes of the State of Connecticut and Amendments thereto.

"Amendment to Original Motion made by R. K. Fessenden and seconded by Mr. Shuttleworth.

"Resolved: That if the Town of Madison votes to establish a Board of Finance, the following provisions shall be enforced:

"First: At the first biennial election in 1941 when six members of the Board of Finance are to be elected, not more than three electors from any one political party shall be nominated or elected to the Board of Finance.

"Second: At all subsequent biennial elections, when two members of the Board of Finance are to be elected, not more than one elector from any one political party shall be nominated to the Board of Finance.

"The Amendment was carried by a voice vote and so declared by the Moderator.

"The Moderator called for a Yes and No vote on the Original Motion and declared the Motion carried."

The plaintiffs claim that the obvious attempt of the voters of Madison to create a bi-partisan board was unauthorized, beyond their powers, and, so, must be disregarded as a nullity; and that it would then follow that the three petitioners (since each received a greater number of votes in his respective one of the three classes than did his opponent) should have been declared elected.

The respondents necessarily base their claim to election solely on the ground that the bi-partisan vote was valid. If this is correct, then the moderator's decision was obviously correct.

The following quoted portion from the memorandum in *State ex rel. Koch vs. Woodhouse, supra,* is applicable here:

"The original motion, had it been passed as originally made without any attempt at requiring bi-partisan representation on the board of finance, would have been legal. This

is conceded by all parties. Although termed by the town clerk in his minutes an amendment, there is nothing in the language of the so-called amendment itself which designates it as an amendment. It provided that, 'if the Town of Madison votes to establish a Board of Finance, the following provisions shall be enforced: (setting forth the above quoted bi-partisan provisions).'

"Technically these provisions were not to become operative unless the town voted to establish a board of finance. If the vote to establish was illegal (for any reason) then the 'provisions' would necessarily fall. They could not be 'enforced.' It is hardly likely that they could have been intended to destroy that without which they would themselves be inoperative. That a majority of the voters at this meeting wished a bi-partisan board of finance is obvious. That they wanted either such a board or no board at all is far from obvious. The word 'enforced' is a peculiar word, and indicates a desire to avoid a direct amendment to the main vote."

Towns in Connecticut have no inherent rights, and no powers except such as are expressly or impliedly granted to them by the legislative power of the State. *Waterbury vs. Macken,* 100 Conn. 407, 411; *Connelly vs. Bridgeport,* 104 id. 238, 252. Cases from other jurisdictions, where entirely different legal concepts prevail, are of little help or force.

Since section 86c of the 1935 Cumulative Supplement to the General Statutes (being the pertinent part of chapter 28 of the General Statutes) makes no provision for a bi-partisan town board of finance, and no such power can be otherwise implied, it follows that the town had no right to annex such a provision to the vote of establishment and it cannot be enforced. This is so whether the limiting provisions are regarded as constituting an amendment or an independent modifying action, anticipatory and prospective, or otherwise. The opinion of the Secretary of State, adopting this view, as more fully referred to in the memorandum in *State ex rel. Koch vs. Woodhouse,* is not without persuasive force, and section 281, making provision for minoritiy representation in a number of enumerated town offices, significantly omits any mention of a town board of finance. It is hardly necessary to add that the Secretary of State correctly printed the ballot with a blank space headed by the words "No Nomination" under

each of the three Democratic candidates, thus clearly calling the attention of the voters of Madison to the failure of the Democratic party to nominate sufficient candidates to fill all positions on the ballot and the consequent right of a voter to write in the names of his choice for the unfilled places on the Democratic ticket.

With the attempted bi-partisan restriction out, it follows that the provisions of section 280 of the General Statutes, Revision of 1930, apply, so that a plurality of the votes cast elects.

In other words, each voter had the legal right to vote for two candidates for board of finance for each one of the three terms; and of the candidates for each particular one of the three terms the two receiving the largest number of votes should be declared elected for that term.

The fact that the town tried to place an invalid restriction on elections to the board does not vitiate the establishment of the board itself, which was legal. The attempted restrictions, although unauthorized, and, so, invalid, can and should be disregarded and the main vote upheld. *Bedard vs. Cunneen,* 111 Conn. 338, 341; *Beach vs. Bradstreet,* 85 id. 344, 352; *Benham vs. Potter,* 77 id. 186, 195. Furthermore, while it is clear that the voters of Madison present at the meeting establishing a board of finance desired a bi-partisan board, it is by no means clear that they wished either such a board or none at all. It cannot fairly be said that there is any evidence of an intent so inextricably to interweave the valid action creating the board with the invalid attempted bi-partisan restriction, that the main intent is thwarted if the bi-partisan provision falls for invalidity. In any event an intention cannot be given effect in a manner unauthorized by the law of the State. *Hatheway vs. Smith,* 79 Conn. 506, 523. While it cannot be gainsaid that minority representation on any board, through the enforced opportunity for public exposure and criticism of the action of that board, and the acts and conduct of its members, is one of the most powerful guarantees of honest, efficient government, any provision permitting or requiring such representation on town boards of finance is a matter which must be the result of legislative action.

It follows that each of the above three petitioners must prevail; that three judgment files should be forthwith prepared

respectively declaring each of the above petitioners elected to the office of member of the board of finance for the respective term for which he was a candidate; and that the corresponding certificate of election be prepared immediately upon completion of the judgment files, both judgment files and certificate of election to be immediately submitted to the under-signed for signature and seal of the court. *See Denny vs. Pratt,* 104 Conn. 396, 398.