[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action has been brought by the plaintiff, Joseph Putala, pursuant to section 9-328 of the General Statutes in connection with the municipal election held in the town of Southington on November 5, 1991. He alleges that the town clerk, Juanine S. DePaolo, and the election moderator, Susan Elshire, erred in declaring Jeanne C. Carey, a Republican candidate, the winner of the election to the board of finance for one of two six year terms, even though she received fewer votes than the plaintiff, who was a Democratic candidate for that office, and whose membership on the board would not have been in violation of the minority representation requirements of section 9-167a(a)(1) of the General Statutes.
The defendants moved to dismiss the plaintiff's complaint on November 27, 1991, "for lack of subject matter jurisdiction due to [his failure] to provide notice of the hearing" under General Statutes section 9-328 to the election moderator, the secretary of the state, the state elections enforcement commission, and Christine A. Shanley, the successful Democratic candidate for an unexpired term on the board of finance. The court, after hearing argument, denied the motion on the ground that the claimed defect in notice was not jurisdictional, and on the same date, notice of a further hearing to be held on December 3rd was served on all of the parties entitled to such notice under the statute.
The underlying facts necessary for a determination of the legal issues raised in the plaintiff's complaint were stipulated by the parties at the hearing held on December 3, 1991. The court also heard testimony offered by the defendants through Ms. DePaolo, the town clerk, and the plaintiff, who had been a member of the board of finance for twenty-one years, concerning the practical construction given by town officials to the minority representation provisions of the town charter since its adoption in 1966 as applied to the political composition of the board of finance.
The facts as stipulated by the parties and the relevant documentary evidence submitted to the court may be briefly CT Page 10364 summarized as follows.
On November 5, 1991, a general election was held in the town of Southington for municipal offices, including contests for two full six year terms and one unexpired term on the board of finance. At that time, of the three remaining members of the board whose terms had not yet expired, one was a Republican and two were Democrats.
The plaintiff, Joseph Putala, was a Democratic candidate for one of the two six year terms, and Christine A. Shanley was the Democratic candidate for the unexpired term. The election moderator and the town clerk, after having ruled that the vacancy due to the unexpired term should be filled first, declared Ms. Shanley, who had received 3,206 votes, elected to the board for a two year term.
A Republican candidate, Leonard Marcheselle, who had received 3,686 votes, was declared elected to the board for one of the full terms. Jeanne C. Carey, the Republican candidate for the other full term, received 3,143 votes, and the plaintiff, as the Democratic candidate, received 3,240 votes.
The election of the plaintiff would have created a board of finance in which four members would have been Democrats and two members would have been Republicans, thereby complying with the provisions of section 9-167a(a)(1) which permit four members of the same political party where the total membership of such board is six. The moderator and town clerk, however, interpreted the Southington town charter, Special Act 411 (1931), as amended by Special Act 153 (1945), and the Minority Representation Law, section 9-167a of the General Statutes, to mean that no political party could have more than three members sitting on the board at any one time, thereby mandating that the Republican, Jeanne C. Carey, be declared the winner although she received fewer votes than the plaintiff, Joseph Putala.
The defendant, Juanine DePaolo, testified at the hearing that she has served as town clerk since her appointment in 1965, and that the membership of the board of finance has always been limited to three members from each political party in accordance with the provisions of Special Act 411 which established a board of finance for the town in 1931. The plaintiff also testified that during his twenty-one years of service on the board its membership has always been equally divided in terms of party affiliation, and that in 1985, he was elected to the board as a Democrat even though two Republicans received more votes than he did. CT Page 10365
Special Act 411, which was approved on May 19, 1931, established a board of finance in the town of Southington consisting of six members who were to be elected annually for a one year term. Section 2 of the Act provided that "[o]f the total number of members so voted for the three receiving the highest number of votes on each of the tickets of the two leading parties shall be elected members of said board of finance."
It should be noted that at the time this special legislation was enacted there was no provision in the General Statutes for minority or bipartisan representation. See Roch v. Theis, 10 Conn. Sup. 258, 259 (1941). The Special Act also constituted a radical departure from the normal method of election prescribed in the General Statutes which was then applicable to all other towns in the state which mandated three year terms with two members coming up for election each year. General Statutes sec. 415 (1930 Rev.).
In the absence of express legislation by the General Assembly any attempt at that time by any town in the state to create a bipartisan board of finance would have been "disregarded as a nullity." Koch v. Theis, supra, 260. Chief Justice (then Judge) King observed in that case that while "minority representation on any board, through the enforced opportunity for public exposure and criticism of the action of that board, and the acts and conduct of its members, is one of the most powerful guarantees of honest, efficient government, any provision permitting or requiring such representation on town boards of finance is a matter which must be the result of legislative action." Id. 262.
Special Act 153, approved May 28, 1945, amended Section 2 of the 1931 Act by establishing six year terms for members of the board and by staggering their terms so that two members would be elected to a full term every two years. It also provides that "[e]ach of the two leading political parties" shall nominate two candidates for the full term and that "the one receiving the highest number of votes for each of said terms of office on each of the tickets of the two leading parties shall be elected to said board."
The present Southington town charter which was adopted pursuant to the Home Rule Act, sections 7-187 — 7-201, effective October 11, 1966, provides (Section 1102) that "all General Laws and Special Acts applying to the town . . . shall continue in force, except insofar as they are inconsistent with the provisions of this Charter [and that all] Special Acts or parts of acts relating to the town inconsistent with the provisions of this Charter are repealed." Section 202 lists all of the town offices that are to be filled at each election, including CT Page 10366 two members of the board of finance for a term of six years (subsection (e)) and three members of the six member board of water commissioners for four year terms with the proviso that the board's membership shall be limited to three members from any one political party. Section 202(g).
Section 204 of the charter provides that minority representation on any elective board "shall be determined in accordance with the provisions of section 9-167a of the General Statutes . . . ", and lists the maximum number of members from one political party for town boards depending on their total membership as provided in subsection (a)(1) of section 9-167a, the minority representation statute.
The plaintiff claims that the foregoing charter provision are inconsistent with the provisions of Special Act 411 and that provisions of section 2 of the Act mandating a bipartisan board have been repealed.
The general purpose of home rule legislation was to allow towns `to conduct their own business and control their own affairs to the fullest possible extent in their own way . . . upon the principle that the [town] itself knew better what it wanted and needed than did the state at large, and to give that [town] the exclusive privilege and right to enact direct. legislation which would carry out and satisfy its wants and needs.' Caulfield v. Noble, 178 Conn. 81 at 87. It is also evident that the legislature intended to give towns "the freedom to retain aspects of special acts and charters suited to particular local needs and practices." Id. at 90.
It is a well established rule of statutory construction that repeal of the provisions of a prior legislative enactment by implication is not favored and will not be presumed where the two can be reconciled and can be given concurrent effect. McCarthy v. Commissioner of Corrections, 217 Conn. 568,578. Moreover, a radical departure from established policy or a significant change of existing law will not be inferred "without an unequivocally expressed manifestation of legislative intent." Kinney v. State, 213 Conn. 54 at 66.
Another principle of statutory construction is that the interpretation of provisions of a city charter by the city council or other town authorities will be given considerable weight by the court in construing and applying such provisions. Pepe v. New Britain, 203 Conn. 281, 291. This is especially true where the prior interpretation by the town of its charter has been consistently applied over a long period of time. Burwell v. Board of Selectmen, 178 Conn. 509, 518. CT Page 10367
The court need not resort to the foregoing rules of statutory construction, however, to determine whether the effect of the adoption of the present charter was to repeal the prior Special Act mandating a bipartisan board of finance. Section 204 of the charter expressly incorporates all of the provisions of Section 9-167a of the General Statutes including subsection (e) which states that no provision of the minority representation law "shall be construed to repeal, modify or prohibit the enactment of any general or special act or charter which provides for a greater degree of minority representation than is provided by this section."
The requirement of Section 204 of the Charter that minority representation on any elective board "shall be determined in accordance with the provisions of section 9-167a", expressly validates and incorporates Special Act 411 by reference because it is a "special act . . . which provides for a greater degree of minority representation than is provided by this section" within the meaning of section 9-167a(e). The effect of this proviso is to permit the town of Southington to continue its long-standing policy of having a bipartisan board which it has found to be better suited to its particular local needs and practices than the lesser degree of minority representation which would otherwise have been required under the statute. See Sansone v. Clifford, 219 Conn. 217, 222-23.
For the foregoing reasons the court concludes that the defendants correctly interpreted and applied Special Act 411 as amended, and section 9-167a of the General Statutes, in declaring Jeanne C. Carey as the successful candidate for the board rather than the plaintiff, Joseph Putala, in the municipal election held on November 5, 1991, in the town of Southington.
Accordingly, the plaintiff is denied the relief which he seeks under section 9-328 of the General Statutes.
Judgment is entered in favor of the defendants.
HAMMER, J.