*Hartford,*
Ju e, 1843.

Bartlett
*v.*
Kinsley.

15  327
60  234
15  327
63  195

## Bartlett *against* Kinsley and others.

Where the warning of a school society meeting stated the object of the meeting to be " to take into consideration the expediency of raising money for the use of schooling for the year ensuing ;" it was held, that such warning was sufficient to authorize the laying of a tax for the purpose specified.

Where a school society voted " to raise 1 cent and 5 mills on the dollar" on the list of a certain year, without specifying any time of payment ; it was held, 1. that this vote was sufficiently definite in its terms, being equivalent to laying a tax of that amount upon the list designated ; 2. that the omission of the vote to fix a time for the payment of the tax, did not render it invalid ; as the tax, being legally imposed, was payable on demand, or within a reasonable time.

Where a school society, in 1822, voted, that its meetings should be warned, by posting notices upon all the public sign-posts within the society, there being three of them ; and in 1839, a meeting of such society was warned, by posting a notice on two of such sign-posts only ; it was held, that by the statute of 1823, (*tit.* 88. *c.* 2. *s.* 2.) under which this meeting was warned, the notification given was sufficient, notwithstanding said vote of the society.

Where a meeting of a school society was held on the 5th of *May*, and the clerk of such society being absent, *P* was appointed clerk *pro tempore*, who took imperfect minutes of the proceedings at the time, but made no entry upon the records until near the middle of *July* following, when he took the oath of office for the first time, and then made up his record from his minutes, aided by his recollection ; it was held, that the votes passed at such meeting were not invalid for want of a qualified clerk. It is sufficient, if the oath be administered before the official acts required of the clerk are performed, so that these acts are done under its influence and sanction.

The intention of a corporation can be ascertained only by the language of its recorded acts ; and neither the private views nor the public declarations of individual members of such corporation, can, for this purpose, be enquired into.

Therefore, where the plaintiff, in an action of trespass against the collector and committee of a school society, to show the illegality of a tax imposed by such society, offered evidence to prove, that the defendants and other members of the society voted for the tax, with the intention of having the proceeds distributed among the several districts in the society ; it was held, that such evidence was inadmissible.

*Qu.* whether school societies have not the power to raise money by taxation, for reasonable and just distribution among the several districts within their limits ?

This was an action of trespass for an illegal arrest and imprisonment of the plaintiff.

The cause was tried, on the general issue, at *Hartford*, *January* term, 1842, before *Williams*, Ch. J.

The defendant, *Kinsley,* claimed to justify the alleged im-

*Hartford,*
*June, 1843.*

*Bartlett*
*v.*
*Kinsley.*

prisonment, by virtue of a warrant upon a rate-bill, made by the other defendants, who were a committee of the second school district in *East-Windsor.* Under this warrant, the arrest and imprisonment complained of, were made, on the refusal of the plaintiff to pay the tax set against his name in the rate-bill. The plaintiff claimed, that the tax was not legally imposed ; and that all the proceedings of the defendants relative thereto, were void.

The facts were these. A meeting of said school society was warned, and held, on the 7th of *October,* 1389, to transact the following business: 1. to choose officers; 2. to raise money to defray the expenses of the society ; 3. to take into consideration the expediency of raising money for the use of schooling for the year ensuing. After choosing officers, the society adjourned their meeting to the 14th of the same month, when they voted " to raise one cent and five mills on the dollar, on the list of 1839, for the use of schooling in said society." On the 5th of *May* following, another society meeting was held, upon a warning to reconsider the last-mentioned vote, and to appoint collectors. This meeting the plaintiff claimed was illegal, because the warning was not in pursuance of a vote of said school society, passed in 1822, directing the mode of warning meetings, as the notice was put only on two sign-posts, while there were in fact three sign-posts in the society. The defendants claimed, that the law of the state superseded the regulations of the society upon the subject, and required notice on one sign-post only. At this meeting, *Ruel Payne* was chosen clerk *pro tempore* ; and the vote mentioned in the warning was reconsidered; and collectors were appointed for each district ; the defendant *Kinsley* being appointed for the district in which the plaintiff lived. *Ruel Payne* took minutes of the proceedings of said meeting, which were imperfect ; but made no entry upon the records until near the middle of *July* following, when he took the oath of office for the first time, and then made up his record from his *memoranda* and his recollection.

Upon these facts the plaintiff claimed, and prayed the court to instruct the jury, 1. that the object of laying a tax for schooling was not so specified in the notice, as to authorize the imposing of a tax under such notice; 2. that the vote of the 14th of *October*, was so indefinite and ambiguous

*Hartford,*
June, 1843.

Bartlett
*v.*
Kinsley.

in its terms, that no tax was imposed thereby ; 3. that it was a nullity because it fixed no time at which the tax was payable ; 4. that the meeting of the 5th of *May* was illegal, because the warning was not given according to the vote of the society passed in 1822, nor according to the law of the state, not having been posted upon all the sign-posts ; 5. that there was no legal proof of the appointment of the defendant *Kinsley,* as collector, there being no clerk.

The court did not so instruct the jury upon these points, but did instruct them, 1. that the object of the school society meeting was sufficiently specified in the notice to authorize the laying of the tax ; 2. that the terms of the vote imposing the tax were intelligible, and so expressed as to make the tax legal, though no time of payment was fixed, it being payable on demand, or in a reasonable time ; 3. that the vote of the society as to notice, was superseded, by the law of the state since passed, and that this law did not require that the notice should be posted upon all the sign-posts in the society ; and 4. that the record made by the clerk *pro tempore,* after he was sworn, was legal evidence of the facts contained in it.

In the progress of the trial, the plaintiff offered evidence to shew, that in previous years, this society had laid taxes for schooling, and had distributed the proceeds among the several school districts in the society; and that there had never been any school in the society, except the district schools; nor was there any proposition to establish any other; and that the tax in question was laid for the purpose of having the proceeds distributed among the several districts; that a motion to that effect was made in the meeting, when the tax was laid ; and that all the defendants were present at that meeting, and had knowledge of these facts, and voted for the tax, with the intention of having the proceeds so distributed. This evidence was objected to, by the defendants, as irrelevant; and the court excluded it.

The defendants had a verdict; and the plaintiff moved for a new trial for a misdirection.

*Toucey* and *T. C. Perkins,* in support of the motion, contended, 1. That the warning of the meeting was not sufficiently specific. It does not truly specify the *object.* It is not

for laying a tax; but "to *take into consideration* the expediency" of some measure; and that measure was, not the laying of a tax, but the *raising of money*—it might be, by subscription, borrowing, &c. The precise action intended, is not, as it should be, distinctly set forth.

2. That the vote of the 14th of *October* did not, in terms, lay any *tax*: it was merely to *raise* a certain amount—*i. e.* a sum equal to 1 cent, 5 mills, on the dollar of the list of 1839. This might be done otherwise than by a tax. Taxes should be laid with so much certainty that tax-payers may know for what and for how much they are taxed. 10 *Conn. Rep.* 131.

3. That this vote was invalid, because it did not specify any time for the payment of the tax. All the proceedings under our statute for the collection of taxes, are based upon the idea that a time is fixed for the payment of the tax. *Stat.* 613. & seq. (ed. 1838.) *ss.* 1. 2. 7. 15. 16. 21. 22.

4. That the posting of notice, not being conformable to the vote of the society, was not a legal warning. The society had a right to designate the places at which the notification should be set up. *Stat.* 534. (ed. 1838.) *tit.* 88. *c.* 2. *s.* 2. last clause. Injustice may be done, by partial notice, if this vote is not adhered to.

5. That the clerk was not legally sworn. The statute provides, that "the clerk shall take the oath prescribed by law, and make entries, &c." *Stat.* 523. (ed. 1838.) *tit.* 88. *c.* 1. *s.* 1. The object of this provision is to secure the faithful performance of *future* duties. The person chosen is *no clerk* until he is sworn. *Williams* v. *School District in Lunenburg,* 2 *Pick.* 75. 81. There can be no legal meeting without a clerk.

6. That the society had no power to lay a tax to raise money to be distributed among the several districts; consequently, the evidence offered by the plaintiff should have been received. Such a power is in derogation of common right, and cannot be derived *by implication.* *Wright* v. *Briggs,* 2 *Hill* 77. The laying of taxes by one corporation, for the benefit of other corporations, is an anomaly in our polity. If the power exists at all, it is *unlimited.*

7. That if the tax was illegally imposed, the defendants are trespassers. *Bangs* v. *Snow &* al. 1 *Mass. Rep.* 181. 189. *Baker &* al. v. *Freeman,* 9 *Wend.* 36. *Benjamin &* al. v.

*Hull,* 17 *Wend.* 437. *Stetson* v. *Kempton & al.* 13 *Mass. Rep.* 272. *Agry* v. *Young & al.* 11 *Mass. Rep.* 220. *Libby* v. *Burnham & al.* 15 *Mass. Rep.* 144. *Inglee* v. *Bosworth & al.* 5 *Pick.* 498. *Williams* v. *Brace,* 5 *Conn. Rep.* 190. *The Thames Manufacturing Company* v. *Lathrop & al.* 7 *Conn. Rep.* 550.

Hartford,
June, 1843.

Bartlett
v.
Kinsley.

*Hungerford* and *Ellsworth,* contra, were stopped by the court, on all the points, except the 5th and 6th. In relation to these, they contended, 1. That it is not according to the usual course of business for the clerk to be sworn at the opening of the meeting, or as soon as he is appointed; but it is sufficient, if he is sworn before he makes up his record. His appointment itself is a part of the proceedings which he is to record; but this, it is obvious, must precede his being sworn. There is no time limited within which the record must be made up; and here it is not shewn that the clerk was not sworn before this was done.

2. That the evidence offered by the plaintiff to shew the ulterior views of individual members of the meeting, was properly excluded. The object specified in the vote, was "*schooling* "—a legitimate object, unquestionably. The vote, then, was valid on its face. Now, in the first place, it cannot be rendered invalid, by shewing that individual members of the society intended to make an improper use of the money, when raised. As between these parties, you cannot enquire into the *motives* of the voters. *Fletcher* v. *Peck,* 6 *Cranch* 87. 131. But secondly, the use suggested was legal and proper. A school society has unquestionably power to lay taxes to support schooling within its limits; and no other use was proposed in this case. A school society is made up of all the districts within its limits; and to support schooling in all the districts, is to support it in the society.

Church, J. Questions growing out of the action of the minor munincipal corporations of the state, are of very frequent occurrence, and opportunities for litigation are too often found in their proceedings. And though we require of them a substantial compliance with the laws regulating their action; yet while their votes are confined to subjects within their jurisdiction, and may be reasonably understood, we should, with

*Hartford,*
*June, 1843.*

Bartlett
*v.*
Kinsley.

great reluctance, give to them such a construction as would destroy their legal effect, and place those who act under them in good faith, in the position of trespassers.

1. The object of the original meeting of the school society was sufficiently set forth in the warning. The subject for consideration was proposed: it was, " to take into consideration the expediency of raising money for the use of schooling for the year ensuing." This was enough to call the attention of the members of the society to the business to be transacted at the meeting, and to apprise them that a tax, or some other method of raising money, for the specified object, would be discussed. It cannot be necessary, in the warning or notice of a public meeting, to state the business so fully and precisely, that no opportunity of choice and no variation of mode shall be left to the meeting. This would be giving to committees &c., whose duty it is to call such meetings, the power of controul.

2. The vote to raise one cent and five mills on the dollar, was equivalent to laying a tax of that amount upon the list designated; and although no time for the payment of the tax was fixed, by the vote; yet being legally imposed, it was payable on demand, or within a reasonable time.

3. Other objections to the legality of the warning of the society meeting, besides the one before alluded to, were urged in the argument. It seems, that in the year 1822, this society, by vote, directed that its meetings should be warned, by posting notices upon all the public sign-posts within the limits of the society. The warning in the present case, was given by posting notices upon two posts only, there then being three. A notification set upon one sign-post would have been legally sufficient.

By the statute in force in 1822, school society meetings were required to be warned in such manner as the society, by its regulations, should prescribe;—but by the law of 1823, under which this meeting was held, such warnings were required to be given "by a notification set upon *the sign-post* in the society, or published in a newspaper printed within the same." This last statute furnishes the whole law on this subject; and it only requires a notification " upon a sign-post,"—that is, upon any one within the society. The operation of this statute provision cannot be extended, nor its construction

modified, by reason of the erection or continuance of more sign-posts than one within the local limits of the school society. The law is the same in all the societies in the state, whether they contain one sign-post, or many. The vote of the society may have been a prudent directory ; but it cannot affect the operation of the law.

4. At a meeting of the school society on the 5th day of *May* 1839, the defendant *Kinsley* was appointed collector of the tax then laid, as he claims;—but the plaintiff supposes this appointment, and all the other proceedings of that meeting, were void, because *Ruel Payne*, who was then appointed clerk *pro tem.*, in the absence of the actual clerk of the society, did not take the oath of office until the next *July*, and did not make any record of the business of the meeting before that time ; and then only from *memoranda* made by him at the meeting, or from his recollection of the proceedings. All this may be true, and yet all the votes of that meeting be valid and obligatory. The statute requires the clerk to take the oath provided by law ; but it does not prescribe the time of taking it : it is sufficient if the oath be administered before the official acts required of the clerk are performed, so that these acts are done under its influence and sanction. The law directs the clerks of school societies to make entries or records of the votes, &c., of the meetings, and to furnish attested copies of the records. These are the official acts of the clerk ; and it is necessary that he should be sworn, when he performs them, or that they should be approved and sanctioned by him, when under oath. In the present case, it is admitted, that the clerk, though not sworn at the meeting, had been sworn before the record was made up by him ; and that this, as all other records must be, was made either from written *memoranda* of the transactions of the meeting, or from the memory of the clerk. Many acts of public meetings must of necessity transpire before the clerk be sworn ; such as the choice of presiding officer and the appointment of clerks themselves. It is not necessary that a clerk be a witness of the proceedings of a meeting under his official oath : it is sufficient if he record them, or sanction the record of them, after he has been sworn.

5. A more imposing objection to the validity of the proceedings of this society, is founded upon the evidence offered

by the plaintiff, and excluded by the court. This evidence was, in substance, that the object and purpose of the society in laying the tax in question, was, to raise a sum for distribution among the several school districts composing said society. The question under this objection results in this,—whether, when the proceedings of a corporate meeting appear regular and legal and within the legitimate powers of the body, persons are to be adjudged trespassers, who, in the proper discharge of duty, assist in carrying them into effect, because the real purpose of a majority of voters, either open or concealed, was, to effect an illegal object. We have no doubts upon this question; and should have none, though it could be proved, that these defendants participated in such unauthorized purpose. The intention of a corporation can only be learned, by the language of its recorded acts; and neither the private views nor the public declarations of individual members of such corporation, are, for this purpose, to be enquired after. *Fletcher* v. *Peck,* 6 *Cranch* 87.

The meeting of the society was called " to take into consideration the expediency of raising money for the use of schooling for the year ensuing;" and the vote was, to raise money for that purpose. This was obviously within the jurisdiction of the society and the powers of the meeting. By the 2d section of the statute for the regulation of school societies, &c., power is given " to lay taxes, to build and repair school houses, and to support schools." And by the 10th section of the same statute, power is also given to institute schools of a higher order, for the common benefit of the society. Now, nothing is disclosed or intimated, by the votes complained of, to show, that the tax which was laid, was intended for any purpose foreign to the powers or duty of the society as conferred by the foregoing provisions of law. *West School Society of Canton* v. *Merrills,* 12 *Conn. Rep.* 437. Nor is any damage to be apprehended from this view of the subject. If, indeed, it was intended to raise money for distribution among the districts, and if this intention was unauthorized, it could not be carried out, without some further action of the society or its officers; which might be arrested, and the distribution prevented, by injunction, to be issued upon the well grounded apprehension and the application of

any member of the society. *Langdon* v. *Plymouth Congregational Society*, 12 *Conn. Rep.* 114.

*Hartford,*
*June, 1843.*

Bartlett
*v.*
Kinsley.

But we must not be understood to say, that school societies have not the power to raise money by taxation, for reasonable and just distribution among the several school districts. These districts are but component parts of school societies, and are not independent corporations themselves for all purposes connected with common school education. And we can well conceive of cases, especially of feeble districts, which might be very properly aided, by school societies; yet we are not now called upon maturely to consider this matter.

We are of opinion, that the principles recognised by the Judge at the trial, are correct; and therefore, we do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.