IN RE PETITION OF FRANK M. BEDARD *vs.* FREDERICK E. CUNNEEN ET AL.

First Judicial District, Hartford, March Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued March 4th—decided April 17th, 1930.

*M. Joseph Blumenfeld,* for the appellants (respondents).

*Elbert L. Darbie,* for the appellee (petitioner).

BANKS, J. The petition alleged these facts: The town of Brooklyn, in the year 1928, and for many years prior thereto, has held an annual town meeting on the first Monday of October, at each of which it has elected six grand jurors in accordance with the statute. The powers of grand jurors in the town are not vested in any other prosecuting officer or officers. Neither at the annual meeting held on the first Monday of October, 1928, nor at any subsequent time, has the town held a meeting changing the number of grand jurors or prescribing the mode in which they should be voted for. On the first Monday of October, 1929, the town held its first biennial election by virtue of Chapter 256 of the Special Acts of 1929, which Special Act makes no provision for the election of grand jurors. On the ballots used in that election there appeared the names of six candidates for the office of grand juror, three as candidates of the Republican party and three as candidates of the Democratic party. The petitioner was one of the candidates of the Republican party and received 155 votes, being the lowest number of votes cast for any candidate. The moderator of the meeting declared that the five candidates receiving the highest number of votes cast were elected and that the petitioner was not elected.

The respondents filed an answer admitting in the first paragraph all of the allegations of the petition and alleging in the second paragraph that the warning of the town meeting called for the election of only five grand jurors. The petitioner demurred to the affirmative allegation contained in the second paragraph of the answer on the ground that the number of grand jurors to be elected was prescribed by statute and could not be changed by the authority issuing the warning for the town meeting. The demurrer was sustained and it was agreed that judgment should be entered without further hearing, the facts alleged in the second paragraph being conceded to be true.

The record is defective in failing to include a judgment-file. Approved practice requires that a judgment-file be drawn and filed, and thereafter the certificate of election based upon the judgment be issued under the seal of the court. *Denny* v. *Pratt,* 104 Conn. 396, 398, 133 Atl. 107.

The only question raised upon the appeal is the correctness of the ruling upon the demurrer. The pleading demurred to constituted a good defense to the petition only if the facts therein alleged, to wit: that the warning called for the election of only five grand jurors, conclusively established that that was the legal number to be voted for at that meeting.

Section 251 of the General Statutes provides that "the warning of every town meeting . . . shall specify the objects for which such meeting is to be held." One of the objects for which this annual town meeting was held was the election of the various town officials. The statutes prescribe the number and kinds of officials to be elected at an annual town meeting and the time when it shall be held, and, by general usage and custom, the meeting is held at the town-hall, so that the warning need not even state the place of the meeting.

*Portland Water Co.* v. *Portland,* 97 Conn. 628, 118 Atl. 84. Any other business to be transacted at the meeting must be specified in the warning, though no technical nicety is necessary in drawing the warning or in specifying the objects of the meeting. *Bull* v. *Warren,* 36 Conn. 83, 85; *South School District* v. *Blakeslee,* 13 Conn. 227; *Bartlett* v. *Kinsley,* 15 Conn. 327; *Baldwin* v. *North Branford,* 32 Conn. 47. It was unnecessary for the warning to state the number of the grand jurors to be elected at the meeting, and the statement of a number other than the number required by statute and usage was not controlling as to the number to be legally elected at the meeting.

The respondents contend that there is a presumption that the selectmen in issuing the warning for the meeting performed their duty, and that therefore the number of grand jurors named in the warning was the number that could legally be elected at that meeting. Such a presumption is a presumption of fact only. At most it would constitute presumptive proof of the existence of other facts making the warning legally operative which might be available upon the trial in aid of the respondents' case, but cannot avail them upon this demurrer. They must stand upon the allegations of the answer which cannot be aided by the assumption of any fact not therein alleged. *Ryan* v. *Knights of Columbus,* 82 Conn. 91, 92, 72 Atl. 574. Since the only fact alleged is that the warning called for the election of five grand jurors, and since, as we have seen, that fact is not controlling as to the number that could legally be elected, the demurrer to the second paragraph of the answer was properly sustained.

There is no error.

In this opinion the other judges concurred.