CARLTON D. BLANCHARD ET AL. *v.* MRS. F. S. NICHOLS

MALTBIE, C. J., JENNINGS, ELLS and O'SULLIVAN, JS.[1]

Argued January 7—decided February 21, 1949

*Merrill S. Dreyfus,* for the plaintiffs in error.

*Richard F. Corkey,* for the defendant in error.

[1] By agreement of counsel the case was argued before and decided by four judges.

PER CURIAM. Mrs. Nichols obtained judgment in summary process evicting the Blanchards from a tenement occupied by them, and they bring this writ of error to reverse that judgment. The very limited character of the issues before this court on a writ of error without a bill of exceptions has been recently pointed out. *Putterman* v. *Miller*, 133 Conn. 70, 72, 48 A. 2d 235; *Rosa* v. *Cristina*, 135 Conn. 364, 365, 64 A. 2d 680; and see *O'Keefe* v. *Atlantic Refining Co.*, 132 Conn. 613, 619, 46 A. 2d 343. All of the assignments of error which merit discussion relate to the overruling of the Blanchards' demurrer to the original complaint.

The briefs of the parties on this point do not fairly meet each other because Mrs. Nichols treats the action as one in summary process under General Statutes, Cum. Sup. 1939, § 1429e (Rev. 1949, § 8274), while the Blanchards attempt to subject it to all of the conditions imposed by the federal rent control statutes and regulations. The notice to quit, on which the Blanchards rely, is not properly before this court. *Putterman* v. *Miller*, supra. An exhibit offered in evidence is not part of the record. *O'Keefe* v. *Atlantic Refining Co.*, supra. The complaint is in the usual form under the Connecticut statutes, and there is nothing in the record to show that the premises were in an area subject to federal rent control. All of the grounds of demurrer pursued in the brief rely on federal statutes or regulations. In the absence of a bill of exceptions, the only issues are on the record. *Cary* v. *Phoenix Ins. Co.*, 83 Conn. 690, 697, 78 A. 426. An allegation of fact cannot be imported into a complaint by filing a demurrer thereto. *Santoro* v. *Kleinberger*, 115 Conn. 631, 633, 163 A. 107. The same federal defenses were set up in an answer, but the Blanchards

failed to prevail on them and judgment was rendered for Mrs. Nichols.

The Blanchards insist that the federal statutes and regulations concerning rent control must be considered. Section 202 (c) of the Housing and Rent Act of 1947 (61 Stat. 197, 50 U. S. C. A. App. § 1892 [Sup. 1949]) defines controlled housing accommodations as "housing accommodations in any defense-rental area, except that it does not include . . . (3) any housing accommodations (A) the construction of which was completed on or after February 1, 1947." Section 209 (a) of the same act (61 Stat. 200, 50 U. S. C. A. App. § 1899 [Sup. 1949]) provides that it shall apply only "so long as the tenant continues to pay the rent to which the landlord is entitled," with certain inapplicable exceptions. The case was tried on complaint and answer, and for all that appears the court may have found that the house was completed after February 1, 1947, or that the Blanchards had failed to pay the rent, or both.

There is nothing in this record on which the judgment of the trial court can be reversed.

There is no error.