[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE DEFENDANTS' SPECIAL DEFENSE
The plaintiff moves to strike the defendants' amended special defense on the grounds that it is improper to invoke estoppel against the plaintiff and that the defendants have not properly pled the estoppel defense.
On February 28, 1990, the plaintiff, the Commissioner of Environmental Protection of the State of Connecticut, pursuant to CT Page 2441 Connecticut General Statutes 22a-6 (a)(3), filed a seven count complaint against defendants Frank Perrotti Sons, Inc., DPL Refuse Service, Inc., Frank Perrotti, Jr., Edward Sayers, and Harvey Glazer, Trustee, Woodridge Revocable Real Estate Trust. Plaintiff's complaint alleges that the defendants operated a solid waste facility, as defined in Connecticut Public Acts No. 89-386, 1(4), (5), 10 (1989), without a permit as required by Connecticut General Statutes 22a-208a; that the defendants received solid waste in violation of the Regulations of Connecticut State Agencies 22a-209-2; that the defendants received, disposed of, and processed solid waste in violation of Connecticut Public Acts No. 89-386, (2) (1989), and that on December 6, 1989, the plaintiff warned all defendants that their conduct was not permitted and, notwithstanding the warning, the defendants continued their activity thereby making their conduct knowing. The plaintiff is seeking a civil penalty not to exceed $25,000 per day for each violation occurring on or after October 1, 1989, and the costs, fees, and expenses incurred in connection with investigating, controlling, and abating the alleged violations.
On July 3, 1990, the defendants filed an answer, which included a special defense claiming that the plaintiff waived any right to seek civil penalties, and a counterclaim.
On July 11, 1990, the plaintiff filed a motion to dismiss the defendants' counterclaim, on the grounds that the counterclaim is improper and that the court lacks subject matter jurisdiction by reason of the doctrine of sovereign immunity.
On November 11, 1990, the plaintiff's motion to dismiss was granted by the trial court (Freed, J.).
Defendants Frank Perrotti Sons, Inc., DPL Refuse, Inc., Frank Perrotti, Jr. and Edward Sayers have filed an amended special defense to the complaint, claiming that the Commissioner temporarily waived for the defendants the permit requirement for operating a solid waste transfer facility; and, consequently, the Commissioner waived her right to seek civil penalties from the defendants for operating without a permit. Defendant Harvey Glazer, Trustee, Woodridge Revocable Real Estate Trust, has filed a separate but identical amended special defense. The amended special defenses allege the following:
 1. The Commissioner authorized certain of her employees to act as her authorized agents by virtue of their employment, titles and job descriptions, within the Department of Environmental Protection (DEP).
2. The agents accepted the undertaking. CT Page 2442
 3. There was an understanding between the Commissioner and her agents that the Commissioner would be in control.
 4. The Commissioner knew of an allowed defendant DPL Refuse Service, Inc., to conduct temporarily certain bulky waste handling activities.
 5. The Commissioner made recommendations for on-site improvements for temporarily continuing such activities and in furtherance of pursuing a permit for a permanent facility.
 6. The Commissioner maintained a policy of allowing certain activities to continue pending a review of an application and/or pending a final order after an administrative hearing.
 7. Such acts by the Commissioner constitute a waiver and the Commissioner is therefore precluded from enforcing any alleged right of action and from seeking money damages.
On November 7, 1990, the plaintiff filed separate motions to strike each of the amended special defenses on the grounds that the estoppel defense cannot be invoked against the plaintiff and that the defense is improperly pled. The plaintiff also timely filed a memorandum of law in support of her motions. The defendants have timely filed a memorandum of law in opposition to plaintiff's motions to strike.[1]
A motion to strike "challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court construes the allegations of the pleading addressed in a manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34, 36 (1987). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings," Minachos, 196 Conn. at 108 (emphasis in original). A motion to strike is tested by the facts provable under the allegations of the addressed pleading and cannot be aided by the assumption of any facts not therein alleged. Fraser v. Henninger, 173 Conn. 52, 60 (1977).
When special defenses are challenged by a motion to strike, only those facts alleged by the challenged special defenses are accepted as true. See Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60, 77 (1986). "It is elementary that . . . a motion [to strike] must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual CT Page 2443 assertions which could only be proved by evidence." State v. Bashura, 37 Conn. Sup. 745, 748 (App. Sess. 1981) (citing Bedard v. Cunneen, 111 Conn. 338, 341 (1930) and Ryan v. Knights of Columbus, 82 Conn. 91, 92 (1909).
The plaintiff in her supporting memorandum of law argues that the defendants' amended special defense of waiver is in essence an estoppel defense. The plaintiff then argues that the defendants have not properly pled the narrow exception to the general rule that estoppel may not be invoked against a public agency in the exercise of its governmental functions. Under the narrow exception, estoppel against a public agency may be invoked (1) only with great caution, (2) only when an agent having authority in such matters induces the action and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency. Kimberly-Clark Corporation v. Dubno,204 Conn. 137, 148 (1987).
The plaintiff further argues that the defendants' pleadings are conclusory allegations and fail to meet the pleading requirements showing agency. The plaintiff also argues that the defendants have not pled any material facts supporting their allegations. The plaintiff's final argument is that the Commissioner does not have the authority to waive the applicability of the statutes to the defendants.
In response, the defendants argue in their memorandum in opposition that their special defense is a waiver defense and that they have pled the necessary elements of waiver. The defendants in their memorandum alternatively argue an estoppel defense. The defendants further argue that the Commissioner has the authority to waive temporarily the permit requirements. The defendants argue that, in fact, the Commissioner temporarily waived the permit requirement in two ways (1) through the conduct of her DEP agents who made recommendations for improvements to the facility rather than ordering the defendants to cease operation, and (2) by the Commissioner's policy of allowing solid waste transfer activity to continue either while permit applications were pending or until an appeal of a Commissioner's order resulted in a final order. The defendants also argue that they have sufficiently pled the elements necessary to show agency.
The defendants' argument is that because the Commissioner allowed them to operate without a permit, the Commissioner cannot now bring an action seeking civil penalties against them.
In the present case, the Commissioner has express statutory authorization to issue permits. Connecticut General Statutes22a-6 and 22a-208a. In regard to solid waste facilities, the Commissioner has broad discretion regarding permits. The Commissioner CT Page 2444 "may issue . . . a permit, under such conditions as he may prescribe . . . ." Connecticut General Statutes 22a-208a
(emphasis added). Connecticut General Statutes 22a-208 (a)(c) provides that "[n]o solid waste facility for which a permit is required shall be operated . . . except for performance testing approved by the Commissioner, unless such facility has been issued a permit to operate." The Commissioner does not have the authority to waive the permit requirement.
The Commissioner contends the defendants' special defense is not a waiver defense but is in essence an estoppel defense. We agree. The defendants have alternatively argued in their memorandum an estoppel defense claiming that they have been "severely prejudiced by conduct of the DEP and the Commissioner and that the circumstances of this case make it highly inequitable and oppressive not to equitably estop the state from seeking civil penalties . . . ."
 Under our well established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. In addition, estoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency. [T]his exception applies where the party claiming estoppel would be subjected to substantial loss if the public agency were permitted to negate the acts of its agents.
Kimberly-Clark, 204 Conn. at 148. (citations omitted).
The Commissioner claims that defendants have not made allegations in their special defense to satisfy the "agent's authority to act" factor of the Kimberly-Clark estoppel test. "[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Botticello v. Stefanovicz, 177 Conn. 22, 25 (1979) (citing Restatement (Second), 1 Agency 1, comment 6 (1958)). CT Page 2445
The Commissioner argues that the defendants have not properly pled the narrow exception to the general rule that estoppel may not be invoked against a public agency.
The defendants' agency theory is premised on defendant's allegations that the Commissioner authorized certain of her employees to act as her authorized agents by virtue of their employment titles and job descriptions, that the agents accepted the undertaking by accepting employment, and that by inference from the position description there was an understanding between the Commissioner and her agents that the Commissioner would be in control. This falls far short of what the defendants' need by way of factual allegations to satisfy the "agent's authority to act" factor of the Kimberly-Clark estoppel test. Accordingly Plaintiff's Motion to Strike Defendants' Special Defense is granted.
HENNESSEY, J.