[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Village Savings Bank (Bank), filed this deficiency action against the defendant, Stuart A. Albrecht (Albrecht). The complaint alleges the following: Albrecht is a guarantor on a note and mortgage dated March 9, 1989 in favor of the bank. On June 4, 1990, a judgment of strict foreclosure was entered against the maker, Southbury Development Corporation, on the note and mortgage. At the time of the entry of said judgment, the subject property was appraised at a value of $1,040,000.00, and Southbury's debt was found to be $1,175,536.56, including attorney's fees of $3,500.00 and costs of $2,673.10. Title to the property subject to the mortgage passed to the bank on July 6, 1990. On October 9, 1990, a deficiency judgment in the amount of $104,923.00 was entered against a guarantor, Gerald J. Sachs, who was named as a defendant in the foreclosure action.
A copy of the guaranty dated March 9, 1989 and signed by Albrecht and Sachs was attached to the complaint. Page five of the guaranty agreement contains the following provision:
 The undersigned hereby irrevocably consents to the jurisdiction of the Courts of the Sate [State] of Connecticut, and of any Federal Court located in such state, in connection with any action or proceeding arising out of or relating to this Guaranty, the Note, or any document or instrument relating to the transactions referred to therein. In any such litigation the guarantor waives personal service of any summons, complaint or other process and agrees that the service thereof may be personally or by registered or CT Page 4119 certified mail directed to the guarantor at its address set forth above.
The defendant has filed a motion to strike the plaintiff's complaint on the ground that "it fails to state a claim upon which relief can be granted, in that the relief requested is barred by Section 49-1 of the Connecticut General Statutes, which bars further action upon a debt against any person liable for such debt upon whom service of process could have been made within the state at the time of the commencement of the action."
A motion to strike challenges the legal sufficiency of the complaint. Practice Book 152; Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank 
Trust, Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496,605 A.2d 862 (1992).
Albrecht argues that the bank failed to name him as defendant in the original foreclosure action even though he consented to jurisdiction in Connecticut in the guaranty agreement that was attached and referred to in the Bank's complaint. Consequently, Albrecht claims that since he was subject to service of process within Connecticut at the time of the foreclosure proceedings, General Statutes 49-1 bars the bank from now bringing suit for a deficiency.
Albrecht's argument is based upon the fact that the Bank failed to name him in the original foreclosure action. The complaint is silent, however, in this respect.
The motion to strike, like its ancestor, the demurrer, may not speak to allege facts not set forth in the pleading attacked. Blanchard v. Nichols, 135 Conn. 391, 392; State v. Bashura, 37 Conn. Sup. 745, 746. See Connecticut Civil Procedure (2nd Ed.) Stephenson, 115b p. 578.
Accordingly, the motion to strike is denied.
McDONALD, J. CT Page 4120