[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bernard W. Miller, alleges he was employed for approximately eighteen months as an at-will employee by the defendant, Alpha Systems, Inc., ("Alpha"), a subsidiary of the defendant, Phoenix Color Corp., ("Phoenix"), when the plaintiff's employment was terminated because the plaintiff had CT Page 1486-O been called to serve as a juror in Waterbury Superior Court, and in fact served as a juror during a trial.
The plaintiff alleges a claim against Alpha in the first count on the ground that Alpha's termination of the plaintiff was in violation of General Statutes §§ 51-247a(a) and51-247a(c). The second count alleges the same violations against Phoenix. In the third count, the plaintiff alleges a common law claim for wrongful and tortious termination of employment against Alpha. Finally, the fourth count alleges the same common law claim against Phoenix.
The defendants have filed a motion to strike (#118) the third and fourth counts on the ground that these counts fail to state a claim for which relief can be granted, in that § 51-247a
provides the exclusive remedy for the wrongful discharge of an employee due to absence from work in order to serve jury duty.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a CT Page 1486-P motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "[A] motion to strike does not admit legal conclusions." Blancato v. Feldspar, supra, 203 Conn. 37. "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredithv. Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980). A motion to strike "must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence. State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d CT Page 1486-Q 785 (App. Sess. 1981), citing Bedard v. Cunneen, 111 Conn. 338,341, 149 A. 890 (1930)). The motion "admits all well pleaded allegations and all facts provable thereunder." Doyle v. A. P. Realty Corporation, 36 Conn. Sup. 126, 127, 414 A.2d 204
(Super.Ct. 1980), citing Blanchard v. Nichols, 135 Conn. 391,392, 64 A.2d 878 (1949). "In judging a motion to strike . . . it is of no moment that the party may not be able to prove his allegations at trial . . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) Grubb EllisCompany v. Dinardo, Superior Court, judicial district of Fairfield at Bridgeport, DN. 262043 2 CONN. L. RPTR. 309 (August 30, 1990) (Jones, J.)
The defendants assert that in a case such as this where an employee is terminated for reasons of jury duty, there is one remedy in Connecticut, that being General Statutes § 51-247a[1]. The plaintiff maintains that he has suffered damages in excess of those available under § 51-247a, in that he has suffered serious depression as a result of his termination, that his relationships with his wife and children have become strained, that he has undergone psychological care and has been prescribed CT Page 1486-R Lithium, a medication used in the treatment of depression, and that in the fifteen months that this action has been pending he has found only one low-paying job lasting one month. The plaintiff claims that the remedies under § 51-247a, a maximum of ten weeks wages and reinstatement of his employment, are inadequate to compensate him for the injuries he has suffered and will continue to suffer while this action is pending.
The defendants and the plaintiff rely on Atkins v.Bridgeport Hydraulic Company, 5 Conn. App. 643, 501 A.2d 1223
(1985) for their respective positions. The defendants initially concede that the Connecticut Supreme Court has recognized a common law action for wrongful discharge of at-will employees where a public policy violation has occurred. Sheets v. Teddy'sFrosted Foods, 179 Conn. 471, 427 A.2d 385 (1980). The defendants argue, however, that Atkins limits that remedy to public policy violations which have no statutory redress at all. The court in Atkins stated,
 Count two alleges that, in terminating the plaintiff, the defendant violated Connecticut's public CT Page 1486-S policy regarding employment practices. A cause of action for wrongful discharge is only recognized where public policy is clearly contravened. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475, 427 A.2d 385 (1980). "A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." Wehr v. Burroughs Corporation, 438 F. Sup. 1052, 1054 (E.D.Pa. 177) In Sullivan [v. Board of Police Commissioners, 196 Conn. 208, 216, 491 A.2d 1096 (1985)], the public policy against age discrimination was adequately enforceable through statutory remedies and did not warrant judicial recognition of an independent cause of action. CT Page 1486-T
Atkins v. Bridgeport Hydraulic Company, supra, 5 Conn. App. 648.
In Sullivan, referred to in Atkins as a case where the statutory remedies adequately enforced the public policy against age discrimination, the Connecticut Supreme Court reversed the trial court's ruling allowing the plaintiff in that case to bypass the administrative remedies available to the plaintiff under the Connecticut Commission on Human Rights and Opportunities ("CHRO"), and pursue direct judicial action. It is important to note, however, that in Sullivan the Court explained that, "[t]he CHRO therefore had authority to afford the plaintiff the same relief that he was awarded by the trial court" Sullivan v. Board of Police Commissioners, supra,196 Conn. 217. The statutory remedy available to the plaintiff in the present case, however, does not provide "the same relief" to the plaintiff as that available under a common law wrongful discharge action. The statutory remedy available pursuant to § 51-247a is limited to a maximum of ten weeks wage compensation and reinstatement of employment[2]. Tort or contract remedies available to this plaintiff under a common law wrongful termination CT Page 1486-U action could encompass loss of all wages suffered by the plaintiff, as well as medical expenses and compensation for other injuries. See, e.g., Fiorillo v. Brittany Farms, Inc., Superior Court, JD of Hartford/New Britain at New Britain, DN. 455000 (September 15, 1993) (Goldberg, J.); Venturi v. Backus Hospital, Superior Court, JD of New London at New London, DN. 523510 (July 1, 1993) (Hendel, J.);Lagrow v. Protective Alarms, Inc., 9 CONN. L. RPTR. 209 (1993) (Hadden, J.).
There is a split of authority in the Connecticut Superior Courts as to whether Atkins forbids a common law remedy where a statutory remedy exists, no matter the extent of the remedy available within the statute, or whether Atkins allows a common law remedy to be pursued where the statutory remedy available is inadequate to compensate the plaintiff's injuries. The defendant cites Faulkner v.Sikorsky Aircraft, 11 Conn. L.Rptr. 256 (1994) (Corradino, J.), wherein the court followed the former interpretation of Atkins, and ruled that the plaintiff in that case was afforded state and federal statutory remedies for wrongful discharge based on physical disability discrimination and age discrimination, and therefore the plaintiff could not pursue common law remedies as to these claims. The plaintiff CT Page 1486-V in the present case, however, notes Faulkner's displeasure with that interpretation of Atkins. Id., 258. Additionally, the plaintiff cites the more recent case of Wall v. Wassau Insurance Company,12 Conn. L.Rptr. 335, 337 (1994) (Hadden, J.), where the court considered a juror discrimination claim and followed the latter interpretation of Atkins. The Wall court held that "[b]ased on the plaintiff's claim that the ten weeks of compensation allowed for jury discrimination, pursuant to General Statutes § 51-247a(b), is inadequate to redress his losses, the plaintiff may pursue a common law cause of action for wrongful discharge in addition to his statutory claims." The legislative history surrounding § 51-247a provides little, if any, guidance. Neither the statute nor the legislative history provides any indication that it is the exclusive remedy for this type of injury. The plaintiff argues that this is proof that the common law remedy of wrongful discharge has not been eliminated by passage of the statute. "Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed." Lynn v. Haybuster Manufacturing, Inc.,226 Conn. 282, 290, 627 A.2d 1288 (1993). The defendants argue, however, that there is no reference to exclusivity in the statutory CT Page 1486-W or legislative history passages pertaining to § 51-247a, due to the fact that this statute actually created the present public policy with respect to protection of juror jobs and wages. The defendants assert that there existed no common law cause of action for this type of claim before the enactment of § 51-247a. The defendants, however, ignore the very well established national policy fostering jury duty by all citizens. Although Sheets requires that a public policy violation occur in order for an at-will employee to bring a wrongful discharge action, "[c]ertainly when there is a relevant state statute we should not ignore the statement of public policy it represents." Sheets v. Teddy's Frosted Foods, supra, 179 Conn. 480.
A cause of action for wrongful discharge of an at-will employee in violation of a public policy at common law was recognized in 1980 in a decision released January 23, 1980. General Statutes § 51-247a was passed on May 9, 1980, and became effective upon passage. Conn. Pub. Acts No. 80-240 § 1 (1980). A common law cause of action for wrongful termination of at-will employees existed prior to the creation of the statutory remedy for wrongful discharge due to jury service encompassed under § 51-247a. CT Page 1486-X
Even if one assumes that the timing of the Sheets decision and that of § 51-247a is too close in proximity to rely on the legislature's knowledge of Sheets, a recent Superior Court case addressed the historical context of the common law cause of action for wrongful discharge recognized in Sheets, and found that such an action existed at common law prior to Sheets.
Stedman v. Konover Construction Corporation,13 Conn. L.Rptr. 79, 82 (1995) (Holzberg, J.) ("Although the Sheets
ruling was described as `a radical change in the law . . . when placed in its historical context it can more appropriately be described as "back to the future."'"). The court in Stedman, Holzberg, J., cites Ford v. Blue Cross Blue Shield ofConnecticut, 216 Conn. 40, 578 A.2d 1054 (1990), as support for this finding. In Ford, the Court examined a claim of retaliatory firing of an employee under § 31-290a, where the employee had sought benefits under workers' compensation, and found that § 31-290a evolved from the doctrine of wrongful discharge which existed at common law.
A violation of § 31-290a, a statute obviously designed CT Page 1486-Y to protect claimants who file for benefits under one of this century's most socially ameliorative statutory programs, is in essence a statutorily created tort deriving from the action for wrongful discharge set forth in Sheets. It should be recalled that our modern law of torts has its origins in the common law actions of trespass and trespass on the case. . . . We conclude therefore, that because the classical theory upon which recovery is based in actions brought pursuant to § 31-290a was redressable at common law,
the plaintiff's action was properly tried to a jury.
(Emphasis added.) Id., 52-3. "The classical theory upon which recovery is based pursuant to § 31-290a" referred to in Ford is the action for wrongful discharge recognized in Sheets. This is the same theory upon which recovery is based pursuant to § 51-247a.
The statutory remedy available in General Statutes § 51-247a
is inadequate to compensate this plaintiff for the injuries allegedly suffered pursuant to his termination from employment, and, therefore, the plaintiff should be allowed to pursue a common law remedy. The court CT Page 1486-Z should and does deny the defendants' motion to strike the third and fourth counts of the plaintiff's complaint.