[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Kathleen Ballanger (Ballanger), as executrix of the estate of Elizabeth O'Rourke's (O'Rourke) estate sued Joseph and Loretta Calabrese owners of the Sheraton Inn in Waterbury for negligence in maintaining their premises and sought money damages. In the suit Ballanger also seeks money damages from Door Control Inc. (Door Control), a maintenance contractor, for its failure to adjust, test, inspect, repair or maintain, or ascertain the operation of, a door at the Inn which injured Mrs. O'Rourke.
Door Control later moved to implead C K Systems (CK) and Horton Automatics (Horton) and was granted leave to file a third party complaint against C K and Horton. In that complaint, Door Control alleged Horton sold the door to it and that C K designed, manufactured and sold it the motion detector controlling the door. Door Control sought common law indemnification, product liability contribution and apportionment under Tort Reform II (§ 52-572(h).[1] Both C K and Horton have moved to strike the entire third party complaint. CT Page 2547-FF
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them, and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
A motion to strike "must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence. State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785
(App. Sess. 1981), citing Bedard v. Cunneen, 111 Conn. 338, 341,149 A. 890 (1930)). The motion "admits all well pleaded allegations and all facts provable thereunder." Doyle v. A. P.Realty Corporation, 36 Conn. Sup. 126, 127, 414 A.2d 204 (Super. Ct. 1980), citing Blanchard v. Nichols, 135 Conn. 391, 392,64 A.2d 878 (1949).
I.
The third party complaint does allege an independent legal relationship (buyer-seller) as required by Atkinsen v. Berloni,23 Conn. App. 325 and since Door Central has alleged the other requirements for indemnification under Burkert v. Petrol Plus ofNaugatuck, 216 Conn. 65, 74 (1990) the motion to strike count one is denied.
II.
Door Control has withdrawn its product liability contribution claim and the motion to strike count two is thereby moot.
III.
C K and Horton seek to test the procedure whereby they are brought before the court as to the apportionment claim by means CT Page 2547-GG of a motion to strike the third count of the complaint claiming Door Control should have moved to cite them in. They argue that the third party complaint process was the wrong method to bring them before the court. This claim requires a finding of facts beyond the four corners of the third party complaint and is not amenable to a motion to strike. See Practice Book § 152. A great deal of conflict exists in the decisions as to the manner of joining parties for apportionment purposes and whether those not sued for money damages by the plaintiff may be such parties. Here, however, the procedural aspects confining the court to the allegations of the third count, preclude such a review at this stage of the case.
In count three, Door Control simply alleges that C K and Horton are liable to the Door Control for any damages that may be awarded Ballanger "for the reason that they were negligent" and Door Control is entitled to an apportionment of liability pursuant to § 52-572h. However, § 52-572h(d) allows apportionment of damages awarded by the percentage of negligence attributable to all parties whose negligent actions "were a proximate cause" of the injuries or damages for which damages are awarded. See Baker v. Franco, 7 Conn. L. Rptr. #21, 622, 624. In the third count, Door Control fails to allege that any negligence of C K or Horton was the proximate cause of the injuries or losses of Ballanger's decedent. The third count is insufficient. See Baker v. Franco, supra at page 624.
Accordingly, the third count of the third party complaint is stricken.