[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts are derived from the plaintiff's revised complaint filed on December 22, 1993, and for purposes of this motion to strike, will be taken as true. Blancato v.Feldspar, 203 Conn. 34, 36, 533 A.2d 1235 (1987).
On or about June 30, 1990, the defendants, Abram Brown, Barry Brown and Peter Brown, were engaged in the operation of a campground entitled Lone Oak Campsites. The plaintiff, Craig Calabrese, was camping at the defendants' campground on that date when he sustained certain injuries to his right hand and CT Page 6562 shoulder. The injuries it is alleged were caused as a result of the plaintiff participating in a campground sponsored game known as an "adult beer run."
The plaintiff filed a two count revised complaint against the defendants on December 22, 1993. In the first count the plaintiff claims negligence on the part of the defendants, which negligence is outlined in paragraph 3 of count one as occurring in one or more of the following ways:
 a. In that the defendants encouraged persons such as the plaintiff to take part in a game known as an adult beer run, a part of which game required persons to jump through a tire after drinking beer.
 b. IN THAT the defendants failed to adequately warn the plaintiff of the dangerous nature of the game known as the adult beer run; in that the combination of the defendants requiring persons such as the plaintiff to consume large quantities of beer quickly and run an obstacle course at the same time greatly increases the risk of injury to persons such as the plaintiff;
 c. IN THAT the defendants organized and/or set up the adult beer run game and/or obstacle course when same was dangerous to persons such as the plaintiff; in that the combination of the defendants requiring persons such as the plaintiff to consume large quantities of beer quickly and run an obstacle course at the same time greatly increases the risk of injury to persons such as the plaintiff;
 d. IN THAT the defendants encouraged persons such as the plaintiff to drink beer while participating in said game and/or obstacle course when they knew or should have known that such conduct would dull the senses of the persons participating such as the plaintiff . . . .
The defendant moves to strike the first count on the ground that Connecticut law does not permit a cause of action for negligent furnishing of alcohol to an adult. The parties have submitted timely memoranda of law in support of their respective positions. CT Page 6563
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "[A] motion to strike does not admit legal conclusions."Blancato v. Feldspar, supra, 203 Conn. 37. "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them, and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredithv. Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980). A motion to strike "must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence.State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785 (App. Sess. 1981), citing Bedard v. Cunneen, 111 Conn. 338, 341,149 A. 890 (1930)). The motion "admits all well pleaded allegations and all facts provable thereunder." Doyle v. A. P. RealtyCorporation, 36 Conn. Sup. 126, 127, 414 A.2d 204 (Super.Ct. 1980), citing Blanchard v. Nichols, 135 Conn. 391, 392,64 A.2d 878 (1949). "In judging a motion to strike it is of no moment that the party may not be able to prove his allegations at trial . . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) Grubb Ellis Company v.Dinardo, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262043 (August 30, 1990, J. Jones).
The defendants cite several cases to support their position that there is no cognizable claim for the negligent furnishing of alcohol in Connecticut. The defendants are correct.
 We have held in a number of cases that there is no common-law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became CT Page 6564 intoxicated and in consequence of his intoxication injured the person or property either of himself or of another . . . . The reason underlying the rule is that the proximate cause of the intoxication was not the sale or the furnishing of the liquor but the consumption of it by the purchaser or donee . . . . We held in Kowal [v. Hofher, 181 Conn. 355, 357-58, 436 A.2d 1 (1980)], however, that the policy considerations that justify protecting a vendor or social host from common law liability for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages do not apply with respect to wanton and reckless misconduct.
(Citations omitted; internal quotation marks omitted.) Boehm v.Kish, 201 Conn. 385, 389, 517 A.2d 624 (1986). See alsoQuinnett v. Newman, 213 Conn. 343, 568 A.2d 786 (1990); Nolan v.Morelli, 154 Conn. 432, 226 A.2d 383 (1967).
The plaintiff concedes that there is no cognizable action for negligent furnishing of alcohol to an adult in Connecticut. The plaintiff argues, however, that count one contains more than that single allegation, in that count one additionally alleges negligent encouragement to participate in the beer run; negligent failure to warn of the dangerous nature of the beer run; negligent organizing of the beer run; and, negligent encouragement to drink beer while participating in the beer run.
The plaintiff is correct in that these additional allegations are contained in count one. The defendants argue that every allegation in count one is grounded in negligent furnishing of alcohol. In construing the facts in the complaint in the light most favorable to the plaintiff; Novametrix MedicalSystems, Inc. v. BOC Group, Inc., supra, 224 Conn. 210; this court finds that the plaintiff has alleged more in count one than merely negligent furnishing of alcohol to an adult. Accordingly, the defendant's motion to strike is denied.
WILLIAM J. SULLIVAN, J. CT Page 6565