[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts as alleged in the plaintiff's revised amended complaint are set forth hereinafter. On or about September 28, 1993, the plaintiff, Karen White, was insured by the defendant, Nationwide Mutual Fire Insurance, under an automobile liability policy which included basic reparations benefits. On or about that same date the plaintiff was involved in an automobile accident, resulting in the defendant's obligation to compensate the plaintiff for basic reparations benefits for economic loss. The defendant refused to fulfill its obligation under the plaintiff's policy. The plaintiff alleges that as a result of the defendant's refusal to compensate the plaintiff, she has suffered financial and emotional damages.
The plaintiff filed a five count revised amended complaint against the defendant on January 4, 1995. The first count alleges a breach of contract; the second count alleges a breach of the implied covenant of good faith and fair dealing embodied in the contract; the third count alleges intentional infliction of emotional distress; the fourth count alleges a violation of General Statutes § 38a-16, the Connecticut Unfair Insurance Practices Act ("CUIPA"); and, the fifth count alleges a violation of General Statutes § 42-110(a), the Connecticut Unfair Trade Practices Act ("CUTPA").
The defendant filed a motion to strike the fourth and fifth counts on January 20, 1995, on the grounds that the plaintiff has not sufficiently alleged a violation of CUIPA or CUTPA, in that the plaintiff has alleged a conclusion of law, i.e., "general business practice", without facts to support such a conclusion, and, therefore, the CUIPA and CUTPA claims must fail. The defendant additionally filed a memorandum of law in support of its motion on that same date, and incorporated a memorandum of law filed on February 24, 1994, in support of a previous motion to strike filed by the defendant in this case. The plaintiff filed a memorandum in opposition to the defendant's motion on March 2, 1995. Oral argument was held before this court on the motion on May 8, 1995.
"The purpose of a motion to strike is to contest . . . the CT Page 7604 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992).
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredithv. Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980). A motion to strike "must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence.State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785 (App. Sess. 1981), citing Bedard v. Cunneen, 111 Conn. 338, 341,149 A. 890 (1930). The motion "admits all well pleaded allegations and all facts provable thereunder." Doyle v. A. P. RealtyCorporation, 36 Conn. Sup. 126, 127, 414 A.2d 204 (Super.Ct. 1980), citing Blanchard v. Nichols, 135 Conn. 391, 392,64 A.2d 878 (1949).
The defendant argues that the plaintiff has not sufficiently alleged either a CUIPA or a CUTPA violation. The plaintiff alleges in count four of her revised amended complaint that
 [t]he defendant knowingly and in bad faith refused to pay basic reparations benefits to the Plaintiff. Such refusal was a general business practice of the Defendant. Said general business practice is in violation of the provisions of Sections 38a-815 and 38a-816 [CUIPA] of the Connecticut General Statutes.
The plaintiff reiterates the same allegation in count five, as being a violation of CUTPA. The defendant argues that the plaintiff is required to allege more than one act of insurance misconduct in order to sufficiently allege a CUIPA or CUTPA violation. The defendant is correct.
 Looking to the statute as a whole, we believe that claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct. The definition of unacceptable insurer conduct in [General Statutes] § CT Page 7605 38-61 reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention. Under CUTPA, as under CUIPA, a litigant is bound by this legislative determination.
Mead v. Burns, 199 Conn. 651, 659, 666, 509 A.2d 11 (1986). See also Boylan v. Underwriter's Adjusting Company, Superior Court, judicial district of Waterbury, Docket No. 097381 (March 23, 1993, Sullivan, J.) ("[T]he plaintiff must allege more than one instance of an unfair insurance settlement practice to sustain causes of action for violations of CUIPA and CUTPA.").
The plaintiff argues that she has sufficiently alleged a CUIPA violation in that she has alleged that the defendant's conduct constitutes a "general business practice." The plaintiff cites Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660,613 A.2d 838 (1992) as support for her position. The court in Quimby stated,
 The Supreme Court in Mead v. Burns, supra, addressed the scope of the liability imposed by CUIPA and CUTPA on the insurance industry. The court focused on the definition of "unfair claims settlement practice" in General Statutes (Rev. to 1989) § 38-61(6) and concluded that the allegations, in the absence of an express allegation that the defendant's conduct constituted a "general business practice," did not suffice to establish a violation of either CUIPA or CUTPA and that an allegation of a singular failure to investigate was insufficient. [The plaintiff] makes no allegations that the defendant has similarly failed to settle similar claims presented by other claimants properly and, accordingly, has failed to allege properly that the defendant has committed the alleged wrongful acts "with such frequency as to indicate a general business practice." Her claim, therefore, must fail.
Quimby v. Kimberly Clark Corporation, supra, 28 Conn. App. 671-72, quoting Mead v. Burns, supra, 199 Conn. 657. Quimby does not state that a plaintiff need merely allege that the defendant's conduct constitutes a "general business practice" as the plaintiff in this case has done. Rather, Quimby requires a CT Page 7606 plaintiff to allege "that the defendant has similarly failed to settle similar claims presented by other claimants properly." Id., 672. Alleging that a defendant has failed to settle similar claims properly, would "accordingly . . . allege wrongful acts `with such frequency as to indicate a general business practice.'" Id.
Therefore, the defendant's motion to strike counts four and five of the plaintiff's revised amended complaint is granted.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN