[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE CROSS-COMPLAINT
The defendant, RD. Scinto, moves this court to strike the cross-complaint of the defendant, Michelle Miller, for the reason that the defendant, Miller, has failed to plead a legally sufficient cause of action for indemnification. Briefly, the plaintiff brought this action for damages she allegedly sustained when she fell in a parking lot owned/controlled and/or maintained by the defendant, R.D. Scinto. In a second count, the plaintiff alleges that when she fell, she was struck by a vehicle owned and operated by the defendant, Miller. The plaintiff asserts independent claims of negligence against each of these defendants.
The defendant, Miller, filed a cross-complaint as to the defendant, R.D. Scinto, asserting that if the plaintiff was injured, the defendant, R.D. Scinto was "primarily responsible." The cross-claimed then set out the specific allegations of negligence against R.D. Scinto, which mirrors the allegations directed to R.D. Scinto in the plaintiffs complaint. The defendant, R.D. Scinto filed this motion to strike with an accompanying memorandum of law. The defendant, Miller, filed an objection and supporting memorandum of law. Oral argument was heard by this court on January 6, 2003.
A motion to strike may be filed when a party wishes to contest the legal sufficiency of the allegations of a complaint, including a cross-claim, to state a claim upon which relief may be granted. CT Practice Book Sec. 10-39. While no facts can be alleged in a motion to strike, Blanchard v. Nichols, 135 Conn. 391, 392, 64 A.2d 878 (1949), the facts alleged in a cross-complaint are to be construed in the most favorable way for the cross-complainant. See Amodio v. Cunningham,182 Conn. 80, 438 A.2d 816, 817 (1980).
The gravamen of R.D. Scinto's motion is that Miller has failed to plead a legally cognizable claim for indemnification. To successfully plead CT Page 986 indemnification based on another party's primary negligence, the cross-complaint must allege four separate elements: "(1) that the other tortfeasor was negligent; (2) that [the defendant's] negligence, rather than the [third party] plaintiffs, was the direct, immediate cause of the accident and injuries; (3) that [the defendant] was in control of the situation to the exclusion of the [third party] plaintiff; and (4) that the [third party] plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Bukert v. Petrol Plus of Naugatuck,Inc. 216 Conn. 65, 74, 579 A.2d 26 (1990).
Viewing Miller's cross-complaint in the light most favorable to the non-moving party the first requirement is met. The defendant properly alleged that R.D. Scinto was negligent. Miller also alleged in her cross-complaint that R.D. Scinto was "primarily responsible for causing the [plaintiffs] injuries." The court questions whether this assertion satisfies Miller's burden to plead the second element: that R.D. Scinto's negligence "was the direct, immediate cause of the accident. . . ." Nonetheless, the defendant's cross-complaint is deficient as to the third and fourth elements. Miller has neither alleged or stated facts in the cross-complaint which would support that a finding that R.D. Scinto was in exclusive control of the situation, or that Miller did not know, and had no reason to know of, R.D. Scinto's negligence.
Accordingly, the cross-complaint fails to state a legally sufficient claim for indemnification.
The defendant's motion to strike the cross-complaint is granted.
By the Court,
 ___________________ Wolven, Judge
CT Page 987